UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Jeremiah P. Baldwin,

    Plaintiff,

    v.

Director Jeffery[1] Aldridge, *et al.*,

    Defendants.

Case No. 2:25-cv-1039

Judge Michael H. Watson

Magistrate Judge Vascura

## OPINION AND ORDER

Jeremiah P. Baldwin ("Plaintiff") sues Jeffery Aldridge, Deputy Director of the Office of Child Support, Ohio Jobs and Family Services ("Deputy Director Aldridge"), Linda Boyer, Deputy Commissioner of the federal Office of Child Support Services ("Deputy Commissioner Boyer"), and Charles Norman, the Registrar of the Ohio Bureau of Motor Vehicles ("Registrar Norman," collectively, "Defendants"), in their official capacities under 42 U.S.C. § 1983, in connection with the suspension of Plaintiff's driver's license for failure to pay child support. Compl., ECF No. 1-1. He alleges that, because Defendants deprived him of a pre-suspension hearing, they violated his Fourteenth Amendment right to procedural due process; he seeks only declaratory and injunctive relief. *Id.*

The Magistrate Judge performed an initial screen of the Complaint pursuant to 28 U.S.C. § 1915(e) and issued a Report and Recommendation

---

[1] The Complaint spells Mr. Aldridge's name this way, so the Court does as well.

("R&R"), recommending that the Court dismiss Plaintiff's claims for failure to state a claim.  R&R, ECF No. 8.

Specifically, the R&R concludes that Plaintiff's procedural due process claim against Registrar Norman fails because, under Ohio law, Registrar Norman had no authority to provide a pre-suspension hearing; any procedural due process opportunities instead lie with the child support agency.  *Id.* at 6 (citing, *inter alia, Souare v. Ohio BMV*, No. 5:25-cv-564, 2025 WL 2029794, at *4 (N.D. Ohio July 21, 2025)).  Because Plaintiff was not entitled to a pre-suspension hearing by the BMV, then, his official-capacity claim against Registrar Norman fails.  *Id.*

Regarding Plaintiff's claims against Deputy Director Aldridge, the R&R concludes that Plaintiff failed to plead that the existing pre-suspension state procedures were inadequate (either for a facial or as-applied challenge).  *Id.* at 7–9 (citing, *inter alia, Sessler v. Crawford Cnty. Child Support Enf't Agency*, No. 1:14-cv-58, 2014 WL 3014513, at *3–4 (N.D. Ohio July 3, 2014); *Crawford v. Title Iv-D Agents*, No. 1:25-cv-496, 2025 WL 2591624, at *4 (S.D. Ohio July 29, 2025), *adopted by* 2025 WL 2399289 (S.D. Ohio Aug. 19, 2025); and *Peloe v. Univ. of Cincinnati*, No. 1:14-cv-404, 2015 WL 728309, at *7 (S.D. Ohio Feb. 19, 2015)).

Finally, the R&R concludes that Plaintiff's § 1983 claim against Deputy Commissioner Boyer fails because Deputy Commissioner Boyer is not a person acting under color of state law.  *Id.* at 10–11.  Instead, she is a federal official

acting under color of federal law and, thus, cannot be sued under § 1983. *Id.* (citing *Williams v. Bezy*, 97 F. App'x 573, 574 (6th Cir. 2004)).

Plaintiff objects. Obj., ECF No. 9.

Pursuant to Federal Rule of Civil Procedure 72(b), the Court reviews *de novo* those portions of the R&R that Plaintiff properly objected to.

Plaintiff's objections are difficult to comprehend and are untethered from the Complaint.

First, the legal basis for the objections (and Plaintiff's claims) is unclear. For example, the Complaint alleges little more than that Plaintiff's procedural due process rights were violated because he was denied a pre-suspension hearing. The objections, however, are lengthier than the Complaint and, for the first time, cite various sections of the Ohio revised and administrative codes. Yet, although Plaintiff argues at the outset of his objections that he challenges the Ohio Administrative Code (as opposed to the Ohio Revised Code) and states that Ohio Administrative Code § 5101:12-55-25(C)(3) is unconstitutional, he later also states that Ohio Revised Code § 3123.60 is facially unconstitutional. Obj. 1, 3, 7, ECF No. 9. The Court therefore cannot decipher what provisions of Ohio law Plaintiff challenges as unconstitutional, let alone whether he raises facial or as-applied challenges (or both) to those provisions.

Moreover, the objections are largely untethered to the Complaint. The Complaint alleges only a denial of Plaintiff's procedural due process rights, but the objections contend that Defendants also committed fraud and conspiracy. *Id.*

Case No. 2:25-cv-1039 Page 3 of 5

at 1, 3, 6.  Plaintiff also alleges for the first time in his objections that neither the child support agency nor Ohio Bureau of Motor Vehicles had jurisdiction to suspend his driver's license because the underlying child support order was not awarded to either of those entities via "a Title IV contract or administrative order" and no court ordered the suspension.  *Id.* at 4–5.  Finally, he seems to allege, for the first time, a failure to train argument.  *Id.* at 6.

Missing from the objections, though, is any direct response to the R&R's legal recommendations.  And the objection procedure is not an invitation to assert new legal claims or arguments.  *E.g.*, *Coleman v. Snyder*, No. 16-10295, 2017 WL 815664, at *3 (E.D. Mich. Mar. 2, 2017) (citations omitted).  Thus, the Court has reviewed the objections, finds they lack merit for the reasons stated in the R&R, and **OVERRULES** the same.

Even if the Court were to consider the objections' newly raised challenge to the constitutionality of Ohio Revised Code § 3123.60 as having been pleaded, that challenge fails.  As the R&R noted, Ohio's license suspension scheme has been upheld on procedural due process challenges, *e.g.*, *Souare*, 2025 WL 2029794, and Plaintiff offers no legal support for the notion that the Constitution requires *the BMV* (as opposed to the child support agency) to provide certain procedural pre-suspension protections (let alone a hearing).  Thus, a constitutional challenge to Ohio Revised Code § 3123.60 fails, dooming his official-capacity claim against Registrar Norman.

The official-capacity claims against Deputy Director Aldridge also fail.  The facial challenge to Ohio Administrative Code § 5101:12-55-25 fails because courts have already upheld Ohio's license suspension scheme against procedural due process attacks.  Moreover, any as-applied challenge fails for the reason addressed in the R&R.

Finally, none of the assertions in the objections, even if considered for their truth, changes the fact that Plaintiff cannot sue a federal actor like Deputy Commissioner Boyer under § 1983.  *Bezy*, 97 F. App'x at 574.

Accordingly, the Court **ADOPTS** the R&R and **DISMISSES** Plaintiff's Complaint.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**